PRICE, Judge.
Plaintiff brought this action seeking to recover for personal injuries and property damage allegedly sustained when the automobile he was driving was struck by an automobile driven by defendant, Edward Robert Hoza. The collision occurred on April 25, 1966, in the 1300 block of Kings Highway in Shreveport, Louisiana. Also made defendant in this suit was the State Farm Mutual Insurance Company, the liability insurer of Mr. Hoza.
Damages to the automobile are alleged to have been $276.33, together with replacement automobile rental of $75.00. Plaintiff also sought the sum of $63,049.50 for past and future pain and suffering, permanent injury, loss of earnings and medical expenses.
On the question of negligence the only evidence in the record is the testimony of the traffic officer who investigated the accident and that of the drivers of the two vehicles involved.
Plaintiff testified that he was traveling west in the right-hand lane on Kings Highway just past its intersection with Samford Avenue at a speed of approximately 25 to 30 miles per hour, intending to make a right-hand turn into the driveway of a chiropractic clinic on the north side of the street. He further testified that he gave the proper directional signal just prior to beginning his turn, and that as he commenced his turn his automobile was struck on the right rear side by the vehicle following him. The driver of the other automobile, Mr. Hoza, testified that he was also proceeding west on Kings Highway and that after he crossed its intersection with Samford Avenue he was in the right-hand lane of traffic traveling at a speed of between 15 and 20 miles per hour. He further testified that he saw the plaintiff’s auto overtaking his in the lane nearest the cen-terline of the street and that it had gained a distance of one car length in front of his vehicle when the plaintiff’s vehicle made a sudden right turn across the path of his automobile. He stated that because of the wet condition of the blacktop surface of the road his immediate application of brakes was not sufficient to prevent his vehicle from skidding into the side of the turning automobile.
Defendant introduced photographs of the plaintiff’s automobile which reflected that the physical damaget was entirely on the right rear fender just above the rear wheel. There was no apparent damage to the rear bumper, right rear tail-light, or the extreme rear portion of this fender.
After trial on the merits the trial judge found that this evidence was not sufficient to sustain the burden of proof required by the plaintiff and rejected his demands at his cost. The issues presented herein are purely factual and we can find no error in the trial judge’s holding in this case.
For the foregoing reasons the judgment of the trial court is affirmed.
All costs are to be paid by appellant.